**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DUANE EDWARD WHITMORE, | ) |
| Plaintiff, | )   3:08-cv-00276-LRH-VPC |
| vs. | ) |
| JOY TRUSHENSKI, *et al.*, | )   <u>ORDER</u> |
| Defendants. | ) |

Before the Court are defendants' petition of removal (docket #1), plaintiff's pro se civil rights complaint (docket #1, Exhibit A), defendants' motion for screening (docket #2), motion for an enlargement of time to file an answer or present defenses (docket #3), and defendants' statement of removal (docket #5).

**I.      Removal of this Action was Proper**

Plaintiff, an inmate at Nevada State Prison, filed a pro se civil rights complaint on April 28, 2008, in the First Judicial District Court.  Defendants Joy Trushenski, James Baca, Bill Donat, Robert Bannister, and the Nevada Department of Corrections were served with the complaint on or about May 12, 2008.  Defendants filed a petition for removal in this Court on May 23, 2008 (docket #1).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff has alleged a violation of his rights under the U.S. Constitution.  Defendants appropriately removed the action to this Court pursuant to 28 U.S.C. § 1441, as this Court has original jurisdiction over the claims raised in the complaint.

1  **II.     Screening of the Complaint**

2        The complaint must be screened pursuant to 28 U.S.C. §1915A.  Federal courts must conduct

3  a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or

4  officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court

5  must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state

6  a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

7  from such relief. 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally

8  construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988).  To state a claim

9  under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

10  Constitution or laws of the United States was violated, and (2) that the alleged violation was

11  committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48

12  (1988).

13        In addition to the screening requirements under § 1915A, a federal court must dismiss a

14  prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

15  "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant

16  who is immune from such relief."  28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1), (2).  Dismissal

17  of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal

18  Rule of Civil Procedure 12(b)(6), and the Court applies the same standard when reviewing the

19  adequacy of a complaint or amended complaint.

20        Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

21  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a

22  claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim

23  that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In

24  making this determination, the Court takes as true all allegations of material fact stated in the

25  complaint, and the Court construes them in the light most favorable to the plaintiff.  *See Warshaw v.*

26  *Xoma Corp*., 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less

27  stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9

28  (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

Case 3:08-cv-00276-LRH-VPC   Document 8   Filed 01/08/09   Page 3 of 6

**A. Plaintiff's Allegations**

Plaintiff names the following individuals as defendants to this action: Joy Trushenski, Correctional Caseworker Specialist II; James Baca, Associate Warden of Programs at Nevada State Prison; Bill Donat, Warden of Nevada State Prison; Robert Bannister, Medical Direct of the Nevada Department of Corrections; and the State of Nevada or NDOC. Plaintiff alleges that on September 16, 2007, he was given a cell mate who was HIV positive. Plaintiff states that he is diabetic and must test himself twice a day, and therefore, he was in danger of contracting HIV. Plaintiff filed an emergency grievance, and was moved eleven days later. Plaintiff contends that his Eighth Amendment rights were violated and that the defendants violated Administrative Regulation 610 and NRS 209.385.

**B. Suing the State**

Plaintiff cannot bring Section 1983 claims against the State of Nevada or the Nevada Department of Corrections. A state is not a "person" subject to suit under 42 U.S.C. §1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 68-69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66, 71 (1989); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*). Furthermore, the Eleventh Amendment bars Section 1983 suits against states and their agencies. *See Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997), *amended*, 127 F.3d 1135 (9th Cir. 1997); *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). Therefore, NDOC and the State of Nevada shall be dismissed from the action.

**C. Defendants in Their Official Capacity**

State officials acting in their official capacity do not constitute "persons" subject to suit under section 1983 for monetary relief. *See, e.g., Will v. Michigan*, 491 U.S. 58 (1989). Further, claims against state officials sued in their official capacity for retrospective monetary relief are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Edelman v. Jordan*, 415 U.S. 651 (1974). Accordingly, plaintiff's claims for monetary relief against the individual defendants in their official capacity will be dismissed.

**D. Count I - Cruel and Unusual Punishment**

In this count plaintiff alleges that his Eighth Amendment rights were violated when defendant

3

1    Trushenski placed him in a closed cell with an inmate that is HIV positive.  Plaintiff states that

2    defendant Trushenski knew or should have known that placing plaintiff in the cell with this inmate

3    would place him in great danger, as he is diabetic.  Furthermore plaintiff states that defendants

4    Trushenski, Baca and Donat knew of the dangers of this exposure, and yet they exposed him to this

5    dangerous condition anyway.  Plaintiff notes that he was moved eleven days later.  However,

6    plaintiff alleges that he is now in a state of worry and mental anguish as he was exposed to HIV.

7         Prison conditions will not violate constitutional rights unless they involve "the wanton and

8    unnecessary infliction of pain."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Although prison

9    conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing,

10   shelter, sanitation, medical care, and personal safety.  *Id.* at 347-48; *Toussaint v. McCarthy*, 801 F.2d

11   1080, 1107 (9th Cir. 1986).  Moreover, although the Eighth Amendment protects against cruel and

12   unusual punishment, this does not mean that federal courts can or should interfere whenever

13   prisoners are inconvenienced or suffer *de minimis* injuries.  *See, e.g.*, *Oliver v. Keller*, 289 F.3d 623,

14   627 (9th Cir. 2002) (Eighth Amendment requires more than *de minimis* injury to support a claim for

15   mental or emotional suffering); 42 U.S.C. § 1997e (e) (stating "[n]o federal civil action may be

16   brought by a prisoner confined in a...prison... for mental or emotional injury suffered while in

17   custody without a prior showing of physical injury").

18        Where a prisoner alleges he suffered injuries that stem from conditions of confinement,

19   prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk

20   of serious harm."  *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) (citing *Farmer v. Brennan*,

21   511 U.S. 825, 835 (1994)).  The deliberate indifference standard involves an objective and a

22   subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."

23   *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison

24   official must "know of and disregard an excessive risk to inmate health or safety."  *Farmer*, 511 U.S.

25   at 837-38.  Thus, "a prison official may be held liable under the Eighth Amendment for denying

26   humane conditions of confinement only if he knows that inmates face a substantial risk of harm and

27   disregards that risk by failing to take reasonable measures to abate it."  *Id.*  A prison official must act

28   with more than mere negligence, but less than conduct undertaken for the very purpose of cause

4

1  harm. *Id.*

2      Plaintiff's allegations do not rise to the level of a substantial risk of harm, and fail to state a

3  viable claim for violation of the Eighth Amendment.  Plaintiff has failed to allege that he was

4  harmed in any way or that he was subjected to a substantial risk of serious harm.  That plaintiff

5  believed that he was at risk of contracting AIDS from his cell mate merely by sharing a cell does not

6  mean that plaintiff was subjected to a substantial risk of harm.  Plaintiff does not allege that his cell

7  mate attempted to have sexual contact with him or that the cell mate took any action to purposefully

8  expose plaintiff to the HIV virus.  Furthermore, the plaintiff was moved to a different cell after filing

9  an emergency grievance.  Plaintiff's allegations fail to state a viable claim for violation of his

10  constitutional rights, and the claim will be dismissed without leave to amend

11      **E.  Count II - Violation of AR 610 and NRS 209.385**

12      In his second claim plaintiff alleges that defendants are in violation of NRS 209.385 and AR

13  610.  NRS 209.385(4) states that an offender or inmate who tests positive for HIV "must be

14  segregated from every other offender" who is not HIV positive if (a) the results of a supplemental

15  test are positive *and* (b) the offender engages in behavior that increases the risk of transmitting the

16  virus.  Moreover, AR 610.01 states that the policy of NDOC is to segregate an inmate who tests

17  positive for HIV *and* engages in high risk behavior.  However, the regulation also states that the

18  Medical Director and the Offender Management Administrator can approve a classification that

19  recommends release of an HIV positive inmate from segregation.

20      Plaintiff is essentially contending that the defendants breached their duty under the statutes.

21  "Mere negligence or lack of due care by state officials in the conduct of their duties does not trigger

22  the substantive due process protections of the Fourteenth Amendment and therefore does not state a

23  claim under section 1983."  *Woodrum v. Woodward County, Okl.,* 866 F.2d 1121, 1126 (9th

24  Cir.1989) (citing *Daniels v. Williams*, 474 U.S. 327, 330-32 (1986)).  Plaintiff has not shown that not

25  only was his cell mate HIV positive, but that he also engaged in behavior that increased the risk of

26  transmitting the virus to the petitioner.  Even if the defendants had failed to follow the provisions of

27  NRS 209.385 and AR 610, petitioner has not shown that the failure was anything more than

28  negligence or a lack of due care.  Furthermore, as this Court has already noted, petitioner filed an

emergency grievance and was moved from this cell eleven days later.  This ground for relief will be dismissed for failure to state a viable claim, and as amendment would be futile, dismissal will be without prejudice.

**III.     Conclusion**

**IT IS THEREFORE ORDERED** that defendants' motion for screening (docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion for enlargement of time is **DENIED** as moot (docket #3).

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (attached at docket #1), but the Clerk shall not serve the complaint at this time.

**IT IS FURTHER ORDERED** that because plaintiff's complaint fails to state sufficient claims and cannot be cured by amendment, the action is **DISMISSED with prejudice** in its entirety. The Clerk shall enter judgment accordingly.

DATED this 9th day of January, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

6